IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO: 5:18-CV-375

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br> Plaintiff, <br><br> vs. <br><br> ERIE INSURANCE EXCHANGE, <br> Defendant. | COMPLAINT <br> (28 U.S.C. §2201) |

Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), by and through counsel, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, hereby files this Complaint for Declaratory Judgment, and states as follows:

## NATURE OF ACTION

1. In this action, Travelers seeks a declaration that Defendant, Erie Insurance Exchange ("Erie"), is obligated to defend and indemnify Patricia N. Miller, as Executrix of the Estate of Johnnie C. Newcombe ("Miller"), in connection with an underlying bodily injury action, entitled *Hardison v. Miller,* case no. 17 CVS 162 (Superior Court, Greene County) ("Underlying Action"), and is obligated to reimburse Travelers for all defense and indemnity costs incurred on behalf of Miller in the Underlying Action.

## THE PARTIES

2. Travelers is a corporation incorporated in the State of Connecticut, with its principal place of business at One Tower Square, Hartford, CT 06183. Travelers is

1

authorized to conduct business in the State of North Carolina and is engaged in the business of issuing policies of liability insurance in this State.

3. Erie is a corporation incorporated in the State of Pennsylvania, with its principal place of business at 100 Erie Insurance Place, Erie, 16530. Erie is authorized to conduct business in the State of North Carolina and is engaged in the business of issuing policies of liability insurance in this State.

## JURISDICTION AND VENUE

4. Travelers brings this action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

5. Travelers seeks a declaration concerning the rights and obligations owed to Miller by Erie under a commercial general liability insurance policy issued to Amy Jo's Restaurant.

6. An actual, justiciable controversy exists between the parties because Erie has disclaimed coverage and refused to provide a defense or indemnification to Miller in connection with the Underlying Action.

7. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000), exclusive of interests and costs.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which the events giving rise to the Underlying Action

occurred.

## UNDERLYING LITIGATION

9. The underlying litigation arose out of an incident that occurred on or about July 10, 2015, at Amy Jo's Restaurant, 4600 West Nash Street, Wilson, North Carolina. Mary Hardison, a customer of the Restaurant, is alleging that she tripped over a concrete parking stop as she was leaving the premises. A copy of the Complaint in the underlying action is attached hereto as Exhibit "A."

10. Prior to the underlying incident, the owners of Amy Jo's Restaurant, as Tenant, entered into a written lease agreement with Johnnie C. Newcombe. Under the terms of this lease agreement, the Tenant agreed to lease the real property located at 4600 West Nash Street, Wilson, North Carolina, "**including** the building, **parking area,** and any equipment or fixtures located therein." A copy of the Lease is attached hereto as Exhibit "B."

## POLICIES OF INSURANCE

11. Travelers issued a commercial general liability insurance policy, Policy No. 680-8C676681-15-42, to Johnnie & Ann Newcombe, in effect from March 9, 2015 to March 9, 2016 ("Travelers Policy"). A copy of the Travelers policy is attached hereto as Exhibit "C."

12. Erie issued a commercial general liability insurance policy, Policy No. Q47 1950600 NC, to Amy Jo's Restaurant, in effect from November 19, 2014 to

3

November 19, 2015 ("Erie Policy"). A copy of the Eire policy is attached hereto as Exhibit "D."

13. The Erie Policy was issued to cover a single business operation; i.e. the Restaurant located at 4600 West Nash Street, Wilson, North Carolina.

14. Under the terms of its Policy, Erie agreed to provide primary "additional insured" protection to Managers and Lessors of the premises leased by the Restaurant. This protection broadly covers all liability "arising out of the ownership, maintenance or use of that part of the premises leased to you."

15. The underlying accident arose out of the "ownership, maintenance or use of" the leased premises. The injured claimant was a customer of the Restaurant, and the Restaurant agreed, in the parties' rental contact, to lease all of the real property located at 4600 West Nash Street, Wilson, North Carolina, including the building and parking area. The parking area was used exclusively by the Restaurant's customers and employees.

16. The Travelers Policy contains an excess "other insurance" clause which provides that coverage under the Travelers Policy is excess over any other coverage available to the Newcombes as "additional insureds."

17. Johnnie Newcombe passed away after the parties' lease was executed. Patricia Miller was appointed to be the Executrix of his Estate, and thereby acquired all rights, duties and obligations under the Travelers' Policy.

### **TENDERS TO ERIE**

18. Since October 26, 2015, Travelers has demanded that Erie defend and

indemnify Miller as an "additional insured" under the Erie Policy in connection with the Underlying Action.

19. Erie has refused to acknowledge its obligations to Miller as an "additional insured" under the Erie Policy, and has refused to defend or indemnify Miller in connection with the Underlying Action.

20. Because Erie has refused to honor its coverage obligations, Travelers has been compelled to incur the cost and expense of defending Miller in the Underlying Action.

## CLAIM FOR DECLARATORY RELIEF

21. Travelers re-alleges the allegations contained in paragraph 1 through paragraph 20 as if fully set forth herein.

22. The Erie Policy was in full effect on the date of the alleged accident.

23. All terms and conditions of the Erie Policy, including payment of premiums, have been complied with and met.

24. The alleged accident and Underlying Action fall within the primary coverage afforded to Miller by the Erie Policy.

25. The injured claimant is seeking to recover damages that arose out of the "ownership, maintenance or use of" of the leased premises.

26. Under the terms of the Erie Policy, Miller is an "additional insured" and is entitled to both a defense and indemnity in connection with the Underlying Action.

27. Erie has breached the terms of its policy by failing to provide coverage to a party that qualifies as an actual insured.

28. As a result of Erie's refusal to defend and indemnify Miller in connection with the Underlying Action, Travelers has been forced to defend and indemnify Miller at its sole expense.

29. Erie is required to reimburse Travelers for all amounts paid to defend and indemnify Miller in connection with the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Travelers respectfully requests that the Court enter a judgment as follows:

a) Declaring that Erie has a duty to defend and to indemnify Miller in connection with the Underlying Action and to reimburse Travelers for past costs and expenses;

b) Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Respectfully submitted, this the 27 day of July, 2018.

**/s/ Mark A. Michael**
Attorney at Law
6000 Fairview Road, Suite 1000
Charlotte, NC 28210
(704) 643-8333
(704) 366-6181 (Fax)
markmichael@bellsouth.net
State Bar No. 6762

*Attorney for Travelers Casualty Insurance Company of America*

6

Case 5:18-cv-00375-FL   Document 1   Filed 07/27/18   Page 6 of 6